```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA,           :
                                    :   SUPERSEDING INFORMATION
        - v. -                      :
                                    :   S1 08 Cr. 717 (JGK)
DAVID COPELAND REED,                :
                                    :
                Defendant.          :
                                    :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 14 2011

COUNT ONE
(Wire Fraud Conspiracy)

The United States Attorney charges:

1.   From in or about March 2001 up to and including in or about June 2002, in the Southern District of New York and elsewhere, DAVID COPELAND REED, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 1343 of Title 18, United States Code.  It was a part and an object of the conspiracy that DAVID COPELAND REED, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## Overt Acts

2.   In furtherance of said conspiracy and to effect the illegal object thereof, DAVID COPELAND REED, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about September 11, 2001, REED and his co-conspirators caused approximately $40,000 to be wire transferred from an ECommerce Exchange ("ECX") account at Bank of America, controlled by REED and others, to an account in the name of "Thunderbirth Investing Corporation" controlled by REED at a bank in Latvia (the "Thunderbirth Account"). The wire transfer was routed through the Deutsche Bank Trust in New York, New York.

b.   Between on or about September 20, 2001, and on or about January 1, 2002, REED and his co-conspirators caused approximately $38,000 to be withdrawn from the Thunderbirth Account via ATM withdrawals in Mexico, through an OSGold ATM debit card requested by REED.

c.   Between on or about March 13, 2002 and on or about April 23, 2002, REED and his co-conspirators caused approximately $170,000 to be wire transferred from an ECX account at BB&T (the "ECX BB&T Account"), controlled by REED and others, to an account in the name of "Grupo Remago" controlled by REED

and a Citibank account holder at a bank in Mexico.

       d.    On or about April 25, 2002, REED and his co-conspirators caused approximately $20,400 to be wire transferred from an account at Northfork Bank in New York, New York to a money-exchanger on behalf of a customer/investor of OSGold/OSOpps, two of the entities used by REED to perpetrate his fraud.

       e.    On or about May 13, 2002, REED and his co-conspirators caused approximately $21,000 to be wire transferred from an account at Northfork Bank in New York, New York to a money-exchanger on behalf of a customer/investor of OSGold/OSOpps.

       f.    On or about May 29, 2002, REED and his co-conspirators caused approximately $57,250 to be wire transferred from an account at Northfork Bank in New York, New York to a money-exchanger on behalf of a customer/investor of OSGold/OSOpps.

(Title 18, United States Code, Section 1349.)

### FORFEITURE ALLEGATION

3.    As the result of committing the offense alleged in Count One of this Superseding Information, DAVID COPELAND REED, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not

limited to a sum of money equal to approximately $12.8 million in United States currency, representing all property, real and personal, traceable to the commission of the offense.

<u>Substitute Assets Provision</u>

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant —

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intention of the United States, pursuant to Title 18, United States Code, Section 981, Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461.)

*[signature: Preet Bharara]*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

DAVID COPELAND REED,

Defendant.

SUPERSEDING INFORMATION

S1 08 Cr. 717 (JGK)

18 U.S.C. § 1349

PREET BHARARA
United States Attorney

10/4/2011 FILED WAIVER OF INDICTMENT AND SUPERCEDING INFORMATION. DEFT ARRAIGNED ON SUPERCEDING INFORMATION. DEFT PRES W/ATTY SABRINA SHROFF. AUSA JOHN REN, REPORTER GUIDO FASCIONE. DEFT CHANGES PLEA OF NOT GUILTY TO INDICTMENT AND PLEADS GUILTY TO ONE-COUNT SUPERCEDING INFORMATION. SENTENCE DATE 1/20/2012 AT 11:00AM. PSI ORDERED. BAIL CONT'D.
— JUDGE KOELTL